1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES WALKER,

CASE NO. 09cv325 WQH (AJB)

12                                    Plaintiff,

**ORDER**

vs.

13   EQUITY 1 LENDERS GROUP;
     PACIFIC MORTGAGE
14   CONSULTANTS; AURORA LOAN
     SERVICES; ALL OTHER CLAIMANTS
15   of whatsoever kind and character against
     real property commonly known as 568
16   Glenheather Drive, San Marcos, CA
     92069, APN; and DOES 1 through 100
17   inclusive,

18                                    Defendants.

19   HAYES, Judge:

20          The matter before the Court is the Motion to Dismiss (Doc. # 3) filed by Defendant

21   Aurora Loan Services.

22                                   **Background**

23          On January 15, 2008, Plaintiff initiated this action by filing the Complaint in the

24   Superior Court of California, County of San Diego.  On February 19, 2009, Defendants

25   removed the Complaint to this Court (Doc. # 1).  The Complaint alleges that "Plaintiff intends

26   this action and this document to represent a formal complaint and also act as a qualified written

27   request" that Defendants provide Plaintiff an opportunity to inspect all documents related to

28   a loan on Plaintiff's property, which is the subject of this action.  *Complaint,* ¶ 6.

A.      Factual Allegations in the Complaint

Plaintiff is the owner of real property located at 568 Glenheather Drive, San Marcos, CA 92069 (the "Property").  On or about June 17, 2009, Plaintiff obtained a loan (the "Loan") on the Property from Defendant Equity 1 Lenders Group ("Equity").

Prior to the funding of the Loan, Defendant Pacific Mortgage Consultants ("Pacific") and/or Equity "represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him." *Id.,* ¶ 14.  "As a result, [Pacific], Equity and others convinced Plaintiff to refinance the loan on the Subject Property and take on a new loan with Equity." *Id.*  The "Loan was not as represented because among other things" the interest rate and payments were higher than represented, there was less equity in the subject property than represented, there was less money available to Plaintiff than represented, and the loan was unaffordable to Plaintiff. *Id.,* ¶ 15.  "Pacific, Equity and Defendants knew or intended that Plaintiff receive a worse loan, and [] the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees." *Id.,* ¶ 14.  "Pacific, Equity and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the Loan, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants." *Id.*

"Defendants" failed to provide Plaintiff proper notice of the right to cancel at the time of the transaction or subsequent to the time of the transaction. *Id.,* ¶ 16.  Defendants failed to provide accurate disclosures of the costs of financing, the APR, the payment obligations, or the type of loan at the time of the transaction. "Defendants provided Plaintiff with multiple different sets of loan documents and disclosures all of which rendered it impossible for Plaintiff to understand the effective terms of the Loan and rendered his obligations incomprehensible to Plaintiff." *Id.*  The "Loan and related contracts contain conflicting terms that are not reasonably amenable to understanding by a consumer." *Id.,* ¶ 17.

Subsequent to the funding of the Loan, Defendant Aurora Loan Services ("Aurora") "enticed [Plaintiff] to make payments on the loan in a purported work-out, accommodation, or loan modification based on promises that if he made payments, he would be able to obtain

a more favorable loan, but [Aurora] did not in fact intend to offer beneficial alternative terms." *Id.,* ¶ 24.  After Plaintiff made additional payments in reliance on Aurora's promises, Aurora did not offer beneficial terms.

Aurora "and other Defendants purchased or otherwise acquired unknown rights and/or responsibilities relating to Plaintiff's Loan from Equity at some date unknown to Plaintiff." *Id.,* ¶ 20.  "Pacific, Equity, [Aurora], [and] other Defendants knew or should have known that all rights and title claimed under the Loan and any related Note or Trust Deed were wrongfully obtained and were invalid and that any such rights and title or claims thereto were of no legal force." *Id.,* ¶ 23.

B.    Causes of Action

The Complaint alleges causes of action for (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. section 2605, *et seq.*; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. section 1601, *et seq.*; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. section 1692, *et seq.*; (4) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code. section 1788, *et seq.;* (5) negligent misrepresentation; (6) fraud; (7) rescission; (8) unjust enrichment; and (9) quiet title.

In support of the first cause of action for violation of RESPA, the Complaint alleges that "Defendants Pacific, Equity, [Aurora] and other Defendants failed to adequately respond to Plaintiff's requests for information regarding the loan and for an opportunity to work out the loan Qualified Written Requests;" and "failed to adequately respond to Plaintiff's Qualified Written Requests."  *Id.,* ¶¶ 30-31.  The Complaint alleges that "Defendants Equity, and their predecessors and other Defendants were required to give Plaintiff notice of transfer and the required sixty (60) days after the transfer period before assessing a late fee," but that "Defendants Equity, [Aurora] and other Defendants improperly imposed a late fee on Plaintiff within sixty (60) days of the Loan transfer."  *Id.,* ¶¶ 32-33.  The Complaint alleges that Defendants violated RESPA at the time the loan was originated because "Defendants delivered multiple RESPA disclosures which were different, misleading and deceptive, and which were

1  inconsistent and incorrect." *Id.,* ¶ 34.

2     In support of the second cause of action for violation of TILA, the Complaint alleges

3  that "Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b) with regards to

4  the required notices and disclosures at the initiation of the loan by failing to provide required

5  documentation and/or by providing incomplete or misleading documentation to Plaintiff." *Id.,*

6  ¶ 38.  The Complaint alleges that Defendants failed to correctly identify the transaction; failed

7  to clearly and conspicuously disclose Plaintiff's right to rescind the transaction three days after

8  delivery of all required disclosures; and failed to disclose how to exercise the right to rescind,

9  the effects of rescission, and the date the rescission period expired.  The Complaint alleges that

10  "[m]ultiple different and inconsistent TILA disclosures were provided allowing Defendants

11  to mislead, confuse Plaintiff as to the applicable terms and obligations of the Loan." *Id.,* ¶ 39.

12     In support of third cause of action for violation of the FDCPA, the Complaint alleges

13  that "Pacific, Equity and [Aurora] violated the FDCPA subsequent to the time of origination

14  by among other things obtaining payments from Plaintiff based on promises of reasonable and

15  beneficial loan modification, without actually providing such modifications." *Id.,* ¶ 42.

16     In support of the fourth cause of action for violation of the RFDCPA, the Complaint

17  alleges that "the practices alleged also violate the Rosenthal Act and entitle Plaintiff to the

18  remedies permissible thereunder." *Id.,* ¶ 45.

19     In support of the fifth cause of action for negligent misrepresentation, the Complaint

20  alleges that "[i]f any Defendants' misrepresentations made herein were not intentional, said

21  misrepresentations were negligent." *Id.,* ¶ 47.  The Complaint alleges that Defendants had no

22  reasonable ground for believing their representations with respect to the Loan to be true.  The

23  Complaint alleges that "Defendants made these misrepresentations with the intention of

24  inducing Plaintiff to act in reliance on these representations," and that "[a]s a proximate result

25  of the negligent misrepresentations of Defendants . . . the Plaintiff sustained damages." *Id.,*

26  ¶ 49.

27

28

In support of the sixth cause of action for fraud, the Complaint alleges that "Defendants made various misrepresentations of material fact . . . with respect to the period of the mortgages, the interest rates and other terms of the mortgages." *Id.*, p. 11, ¶ 2. The Complaint alleges that "Pacific, Equity, [Aurora] variously misinformed Plaintiff regarding the terms of the Loan as alleged herein so that Plaintiff would refinance and so that they could cause Plaintiff to agree to the Loan." *Id.*, p. 11, ¶ 4. The Complaint alleges that the misrepresentations were made with the intent to induce Plaintiff's reliance; that Plaintiff in fact relied on the misrepresentations; and that Plaintiff suffered damages as a result of the alleged misrepresentations.

In support of the seventh cause of action for rescission, the Complaint alleges that "Plaintiff is informed and believes that Defendants do not have and cannot produce and original deed and an original note relating to the Loan," and that "Plaintiff[] had a continuing right to rescind the transaction until the third business day after receiving both a proper and accurate cancellation rights notice and all material disclosures . . . pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3)." *Id.*, p. 14,  ¶¶ 15-16.

In support of the eighth cause of action for unjust enrichment, the Complaint alleges that "[b]y their misrepresentations, omissions and other wrongful acts alleged heretofore, Defendants, and each of them, were unjustly enriched at the expense of Plaintiff and Plaintiff was unjustly deprived and is entitled to restitution." *Id.*, p. 15, ¶ 20.

In support of the ninth cause of action for quiet title, the Complaint alleges that Defendants have forfeited any and all interest in the subject property based on their wrongful conduct.  The Complaint alleges that "Plaintiff is entitled to an order from this Court establishing that Plaintiff has ownership of the Subject Premises unencumbered by any claim or claims by Defendants or any of them."   *Id.*, p. 15, ¶¶ 22-23.

C.    Subsequent Procedural History

On February 19, 2009, Aurora filed the Motion to Dismiss.  Aurora states: "This Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, and is based on the ground that Plaintiff fails to state a claim upon which relief may be granted and the

1  Complaint is barred as a matter of law against Aurora." *Mot. to Dismiss,* p. 2.  On March 6,
2  2009, Plaintiff filed the Opposition to the Motion to Dismiss (Doc. # 4).  On March 13, 2009,
3  Aurora filed the Reply (Doc. # 7).

**Standard of Review**

5        A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests
6  the legal sufficiency of the pleadings.  *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.
7  1978).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where
8  the factual allegations do not raise the right to relief above the speculative level.  *See Bell
9  Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Conversely, a complaint may not be
10  dismissed for failure to state a claim where the allegations plausibly show that the pleader is
11  entitled to relief.  *See id.* (citing Fed R. Civ. P. 8(a)(2)).  In ruling on a motion pursuant to Rule
12  12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and
13  must accept as true all material allegations in the complaint, as well as any reasonable
14  inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003);
15  *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).

**Analysis**

17        A.    First Cause of Action for Violation of RESPA

18        Aurora contends that the Complaint "does not allege when [Plaintiff] made his
19  purported qualified written requests and to whom the requests were directed to or if the
20  correspondence even qualified as a request under RESPA." *Mot. to Dismiss,* p. 6.  Aurora
21  contends that "Plaintiff points to no document, no date, no amount, and fails to otherwise
22  allege any facts that Aurora assessed a late charge to his account within the first sixty days
23  post-servicing transfer.  In fact, Plaintiff does not even allege when the servicing was
24  transferred." *Id.*

25        Plaintiff contends that he "has asserted facts to support a claim that [Aurora] has
26  received a [Qualified Written Request], the Complaint also services as an additional [Qualified
27  Written Request], and [Aurora] failed to adequately respond to the [Qualified Written
28  Requests]." *Opposition,* p. 6.  Plaintiff contends that the Complaint adequately alleges that

"Defendants were required to provide Plaintiff with a notice of transfer, and that Defendants improperly assessed a late fee to Plaintiff within sixty (60) days of loan transfer in violation of RESPA 2605(d)." *Id.* at 7.

12 U.S.C. section 2605(d) provides:

> During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment.

12 U.S.C. § 2605(d).

12 U.S.C. section 2605(e) provides:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). A qualified written request must enable the servicer to identify the name and account of the borrower, and include a statement of the reasons for the belief of the borrower that the account is in error. 12 U.S.C. § 2605(e)(1)(B).

Claims for violation of section 2605 must be brought within three years of the occurrence of the violation. 12 U.S.C. § 2614. Claims for violation of sections 2607 or 2608 must be brought within one year of the occurrence of the violation.

The Complaint in this case alleges that "this action and this document" constitutes a qualified written request. *Complaint,* ¶ 6. Even if the Complaint does constitute a qualified written request within the meaning of RESPA, Plaintiff cannot plausibly allege that Aurora failed to timely respond to Plaintiff's qualified written request in the same document that contains Plaintiff's qualified written request. The Complaint does not otherwise allege facts to support that Plaintiff sent Aurora a qualified written request. The Complaint also alleges that Defendants failed to timely give Plaintiff notice of transfer. The allegations with respect to notice of transfer are vague and conclusory. For example, the Complaint does not allege when the purported transfer took place, how or why a late fee was purportedly assessed, or that payment was received by the transferor servicer. *See* 12 U.S.C. § 2605(e). To the extent that

1   Plaintiff's RESPA claim concerns origination conduct, the Complaint does not allege that

2   Aurora was involved in the origination of the Loan.  Furthermore, any claims concerning

3   origination conduct are time-barred because they were raised for the first time in January 2009

4   when Plaintiff filed the Complaint, more than three years after the origination of the loan in

5   June 2005.  The Court concludes that the Complaint fails to allege sufficient facts to support

6   a claim against Aurora for violation of RESPA.

7        B.    Second Cause of Action for Violation of TILA and Seventh Cause of Action for

8              Rescission

9        Aurora contends that the applicable statute of limitations for rescission under TILA is

10  three-years from the date of consummation of the transaction.  Aurora contends that equitable

11  tolling does not apply to rescission claims under TILA.  Aurora contends that Plaintiff's claim

12  for rescission is time-barred because Plaintiff consummated the loan on August 23, 2005, and

13  filed this lawsuit on January 15, 2009, more than three years after consummation.  Aurora

14  further contends that the applicable statute of limitations for damages under TILA is one-year

15  from the transaction closing date.  Aurora contends that "[w]hile the time period may be

16  equitably tolled, plaintiff can show no set of facts to justify equitable tolling in this case." *Mot.*

17  *to Dismiss,* p. 7.  Aurora contends that "Plaintiff's filing of the complaint on January 15, 2009

18  is more than two years too late." *Id.*  Aurora further contends that "[a]s a servicer, Aurora is

19  not subject to TILA," and that "Plaintiff's ability to rescind the loan was terminated by the

20  foreclosure sale on January 16, 2009." *Id.* at 7-8.

21       Plaintiff contends that his rescission claim is not barred by the statute of limitations

22  because "Plaintiff alleges that Defendants failed to provide the required TILA and Regulation

23  Z disclosures, or that the disclosures were inconsistent, incomplete, or misleading" such that

24  Plaintiff was not aware of the Defendants' misconduct at the time of consummation.

25  *Opposition,* p. 8-9.  Plaintiff contends that he is entitled to equitable tolling of his damages

26  claim because "Plaintiff alleges that Defendants delivered multiple disclosures to Plaintiff

27  which were misleading, deceptive, inconsistent, incorrect, and not reasonably amendable to

28  understanding by a consumer," and that Aurora "failed to fully respond to Plaintiffs [Qualified

Written Request], which could have provided Plaintiff with the required information at an earlier date." *Id.* at 11.  Plaintiff contends that Aurora "has neither alleged nor proven that it has no interest other than as a servicer," and that Aurora's assertion that it is only a loan servicer "is inconsistent with its actions: although it is attempting to avoid liability by claiming to be merely a loan servicer, it concurrently foreclosed as a creditor." *Id.* at 9-10.

Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986).  "The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the [TILA] and adjust the limitations period accordingly." *Id.*  Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408 (2005).  Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).  "Equitable tolling does not apply to rescission under this provision of TILA, because '§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period,' even if the lender has never made the required disclosures." *Taylor v. Money Store,* 42 Fed. Appx. 932 (9th Cir. 2002) (quoting *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998)).

The Complaint alleges that Plaintiff obtained the Loan on or about June 17, 2005. *See Complaint,* ¶ 13.  Plaintiff did not file this lawsuit until January 15, 2009, more than three years after the transaction was consummated.  Plaintiff has failed to satisfy his burden of establishing entitlement to equitable tolling.  The Complaint does not provide any facts to justify why he filed this lawsuit more than three years after the transaction was consummated. The Complaint does not allege facts to support that Aurora fraudulently concealed material information or otherwise engaged in conduct that would warrant equitable tolling. The Complaint alleges that Plaintiff found the terms of the Loan confusing and misleading at the time of consummation, yet he waited more than three years to voice his complaints. *See, e.g.,*

1    *Complaint,* ¶ 17 (the "Loan and related contracts contain conflicting terms that are not

2    reasonable amendable to understanding by a consumer"). The Court concludes that the second

3    cause of action for damages and rescission for TILA violations as alleged is time-barred. The

4    seventh cause of action for rescission is premised on violations of TILA, 15 U.S.C. section

5    1635 and Regulation Z, section 226.23. The seventh cause of action does not assert any other

6    legal basis to support a claim for rescission. The seventh cause of action fails because, as

7    discussed, Plaintiff's TILA claims are time-barred. The Court concludes that the Complaint

8    fails to state a claim against Aurora for violation of TILA and for rescission.

9        C.    Third Cause of Action for Violation of the FDCPA and Fourth Cause of Action

10             for Violation of the RFDCPA

11   Aurora contends that the FDCPA and RFDCPA regulate collection activity by debt

12   collectors, not creditors. Aurora contends that Aurora, a mortgage servicer, is not a debt

13   collector within the meaning of the FDCPA or the RFDCPA. Aurora further contends that

14   foreclosing on a deed of trust is not a debt collection or an enforcement of an obligation within

15   the meaning of the FDCPA or the RFDCPA.

16   Plaintiff contends that Aurora has not adduced evidence to demonstrate that it is not a

17   debt collector. Plaintiff contends that the Complaint alleges that Aurora attempted to collect

18   a debt from Plaintiff through allegations that Aurora requested funds from Plaintiff based on

19   promises that if Plaintiff made payments, Aurora would provide more favorable loan terms.

20   Plaintiff contends that the Complaint alleges that Aurora subsequently foreclosed on Plaintiff's

21   property after accepting funds from Plaintiff.

22   "The [FDCPA] prohibits debt collectors from making false or misleading

23   representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,*

24   514 U.S. 291, 292 (1995). The RFDCPA incorporates the majority of the FDCPA. Cal. Civ.

25   Code § 1788.17. To be liable for a violation of the FDCPA or the RFDCPA, the defendant

26   must - as a threshold requirement - be a "debt collector" within the meaning of the Acts.

27   *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995); Cal. Civ. Code § 1788.2(c). A mortgage

28   servicing company is not a debt collector within the meaning of the FDCPA. *Perry v. Stewart*

*Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985); *see also Maguire v. Citicorp. Retail Svcs.,* 147 F.3d 232, 236 (2d Cir. 1998) (generally, the FDCPA does not apply to creditors).  The RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or others, engages in debt collection."  Cal. Civ. Code § 1788.2.  The "activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the" FDCPA or the RFDCPA.  *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002) (distinguishing foreclosure of interest in property from efforts to collect funds from debtor); *Izenberg v. ETS Servs., LLC,* 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (foreclosure does not constitute debt collection under the RFDCPA).

The Complaint does not allege that Aurora is a "debt collector."  Furthermore, the facts alleged in the Complaint do not support that Aurora was collecting a debt within the meaning of the FDCPA or RFDCPA.  Instead, the allegations in the Complaint support that Defendants were foreclosing on the Property, which is not the collection of a debt within the meaning of the FDCPA or RFDCPA.  *See Hulse,* 195 F. Supp. 2d at 1204; *Izenberg,* 589 F. Supp. 2d at 1199.  The Complaint also does not allege with any specificity the representations made by Aurora to entice Plaintiff to make payments on the Loan, or how these statements were false or harassing.  The Court concludes that the Complaint fails to state a claim against Aurora for violation of the FDCPA or the RFDCPA.

> D.    Fifth Cause of Action for Negligent Misrepresentation and Sixth Cause of Action for Fraud: Intentional Misrepresentation

Aurora contends that the Complaint "does not allege what representation Aurora made that was untrue and how exactly Plaintiff relied on that representation."  *Mot. to Dismiss,* p. 12.  Aurora contends that there are no allegations of the exact misstatements made by Aurora, or the time or place of the misstatements.  Aurora contends that the Complaint fails to allege facts to support a claim for negligent misrepresentation or fraud with the requisite particularity.

Plaintiff contends that the Complaint adequately alleges claims for negligent misrepresentation and fraud.  Plaintiff contends that the Complaint alleges "that Defendants represented false material and important facts which influenced Plaintiff's judgment with

regard to the Loan;" that the Complaint alleges "reasonable grounds for believing the misrepresentations;" that the Complaint alleges the representations were intended to induce Plaintiff's reliance; and that Plaintiff reasonably relied on the representations.  *Opposition,* p. 17-18.

To state a claim for fraud, the plaintiff must allege "a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance on the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 72-23 (1990).  Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) requires that the pleader state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation.  *Id.*; *Sebastian International, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 634-35 (C.D. Cal. 2001).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007).  "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Id*. (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).  Rule 9(b) applies to negligent misrepresentation claims. *Glenn Holly Entm't. Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).

The Complaint alleges that "Defendants" made misrepresentations of material fact, or that "Pacific, Equity, [Aurora] variously misinformed Plaintiff." *Complaint,* p. 10-12.  The Complaint does not allege with specificity which Defendant made what misrepresentation.  The Complaint does not allege the time, place and content of each specific misrepresentation.  Instead, the Complaint lumps multiple Defendants together, and vaguely refers to various misrepresentations made in connection with the Loan.  The Court concludes that the Complaint fails to state a claim against Aurora for negligent misrepresentation or fraud.

1         E.      <u>Eighth Cause of Action for Unjust Enrichment</u>

2          Aurora contends that unjust enrichment "is not a cause of action let alone a remedy but

3 rather a general principle underlying a number of legal doctrines and remedies." *Mot. to*

4 *Dismiss,* p. 18. Aurora further contends that "Plaintiff sets forth no facts to indicate how

5 Aurora was unjustly enriched." *Id.*

6          Plaintiff contends that Aurora "has not adduced evidence proving that it has not

7 received any benefit to the detriment of Plaintiff." *Opposition,* p. 25.

8          "[T]here is no cause of action in California for unjust enrichment." *Melchior v. New*

9 *Line Productions, Inc.,* 106 Cal. App. 4th 779, 794 (2003). "The phrase 'Unjust Enrichment'

10 does not describe a theory of recovery, but an effect: the result of a failure to make restitution

11 under circumstances where it is equitable to do so." *Lauriedale Associates, Ltd. v. Wilson,* 7

12 Cal. App. 4th 1439, 1448 (1992). "Unjust enrichment is a 'general principle, underlying

13 various legal doctrines and remedies,' rather than a remedy itself." *Melchior,* 106 Cal. App.

14 4th at 784 (quoting *Dinosaur Development, Inc. v. White,* 216 Cal. App. 3d 1310, 1315

15 (1989)). Unjust enrichment is typically sought in connection with a "quasi-contractual" claim

16 in order to avoid unjustly conferring a benefit upon a defendant where there is no valid

17 contract. *McBride v. Boughton,* 123 Cal. App. 4th 379, 388 (2004).

18          The Complaint alleges that "Defendants, and each of them, were unjustly enriched at

19 the expense of Plaintiff" as a result of Defendants' "misrepresentations, omissions and other

20 wrongful acts alleged heretofore." *Complaint,* p. 15, ¶ 20. However, a cause of action for

21 unjust enrichment is not cognizable under California law. *See Melchior,* 106 Cal. App. 4th at

22 794. Furthermore, the Complaint alleges that Plaintiff entered into the Loan with Equity, not

23 Aurora, and does not otherwise allege sufficient facts to support a contractual or quasi-

24 contractual relationship between Plaintiff and Aurora. The Court concludes that the Complaint

25 fails to state a claim against Aurora for unjust enrichment.

26

27

28

         09cv325 WQH (AJB)

1

2

      F.      <u>Ninth Cause of Action for Quiet Title</u>

      Aurora contends that the Complaint is not verified.  Aurora contends that "[i]t is well

3 settled in California that a mortgagor cannot quiet his title against the mortgagee without

4 paying the debt secured," and that "Plaintiff failed to tender the amount necessary to cure the

5 default, or payoff the loan."  *Mot. to Dismiss,* p. 19.  Aurora contends that the Complaint

6 therefore fails to state a claim for quiet title.

7       Plaintiff contends that he has pleaded sufficient facts to support a claim for quiet title

8 because the Complaint provides the description of the subject property; alleges that defendants

9 have an adverse interest in the subject property; and alleges that Defendants have forfeited any

10 interest in the subject property because of Defendants' wrongful conduct.

11       To state a claim to quiet title, a complaint must be verified and include (1) a legal

12 description of the property and its street address or common designation; (2) the title of the

13 plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date

14 as of which the determination is sought; and (5) a prayer for the determination of the title of

15 the plaintiff against the adverse claims.  Cal. Civ. Pro. § 761.020.

16       The Complaint contains vague allegations with respect to the interests claimed by

17 Defendants in the Property.  For example, the Complaint alleges that  "Defendants [Aurora]

18 and other Defendants purchased or otherwise acquired unknown rights and/or responsibilities

19 relating to Plaintiff's Loan from some date unknown to Plaintiff;" and that "Defendants, and

20 each of them, have forfeited any and all interest in" the Property "[b]ecause of the wrongful

21 acts alleged herein."  *Complaint,* ¶¶ 20, 22.  The Complaint does not identify the date as of

22 which the determination is sought.  The Complaint does not allege facts sufficient to support

23 that Aurora has asserted an adverse claim to Plaintiff's title.  Furthermore, the Complaint is not

24 verified.  The Court concludes that the Complaint fails to state a claim against Aurora for quiet

25 title.

26

27

28

1

G.      Leave to Amend

2        If Plaintiff wishes to file an amended complaint, Plaintiff may file a motion for leave

3   to file a first amended complaint, which attaches a copy of the proposed first amended

4   complaint.

5                                            **Conclusion**

6        IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 3) filed by Defendant

7   Aurora Loan Services is **GRANTED.**  The above-captioned action is **DISMISSED** as to

8   Defendant Aurora Loan Services.

9   DATED:  May 14, 2009

10                              *William Q. Hayes*

                                **WILLIAM Q. HAYES**
11                              United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28