1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 | JAMES WALKER,                              CASE NO. 09cv325 WQH (AJB)
12 |                           Plaintiff,       **ORDER**
   |           vs.
13 | EQUITY 1 LENDERS, et al.,
14 |                           Defendants.

15
16 HAYES, Judge:

17        The matters before the Court are Defendant Pacific Mortgage Consultants' Motion to

18 Dismiss First Amended Complaint (Doc. # 25), Defendant Aurora Loan Services' Motion to

19 Dismiss First Amended Complaint (Doc. # 26), and Aurora Loan Services' Motion to Strike

20 (Doc. # 27).

21                              **BACKGROUND**

22        This action relates to Plaintiff's mortgage and the subsequent foreclosure sale of his

23 home. Plaintiff initiated this action by filing his complaint in the Superior Court of the County

24 of San Diego on January 15, 2009. (Doc. # 1, Ex. 1). On February 19, 2009, Defendant

25 Aurora Loan Services ("Aurora") filed a Notice of Removal removing the action to this Court.

26 (Doc. # 1). On May 14, 2009, the Court granted Aurora's Motion to Dismiss. (Doc. # 10).

27 On August 13, 2009, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. # 21). On

28 September 3, 2009, Defendant Pacific Mortgage Company ("Pacific") filed its Motion to

1    Dismiss.  (Doc. # 25).  On September 15, 2009, Aurora filed its Motion to Dismiss and its
2    Motion to Strike.  (Docs. # 26, 27).  Plaintiff filed an opposition to Pacific's Motion to Dismiss
3    (Doc. # 31), but did not file an opposition to either of Aurora's motions.

4    The FAC alleges nine causes of action: (1) Violation of the Real Estate Settlement
5    Procedures Act ("RESPA"); (2) Violation of the Truth in Lending Act ("TILA"); (3) Violation
6    of the Fair Debt Collection Practice Act ("FDCPA"); (4) Violation of the Rosenthal Fair Debt
7    Collection Practices Act ("Rosenthal Act"); (5) Negligent Misrepresentation; (6) Fraud; (7)
8    Rescission; (8) Quasi Contract; (9) Determination of Validity of Lien. (Doc. # 21 at 1).

9    The FAC alleges Plaintiff is the owner of property located at 568 Glenheather Drive,
10   San Marcos, CA 91069.  *Id.* at 2.  The FAC alleges Plaintiff obtained a loan on the property
11   from Defendant Equity 1 Lenders Group ("Equity").  *Id.*  The FAC alleges "Plaintiff intends
12   this action and this document to represent a formal complaint and also act as a 'qualified
13   written request'" that Defendants provide Plaintiff with an opportunity to inspect all documents
14   related to the loan.  *Id.*

15   The FAC alleges Pacific and Equity "represented to Plaintiff that very favorable loans,
16   loan terms, and interest rates were available to him" and encouraged him to refinance his
17   mortgage. *Id.* at 9.  The FAC alleges that Pacific and Equity "knew or intended that Plaintiff
18   receive a worse loan" which "produced a higher commission for them because it was at a
19   higher interest rate and subject to higher fees." *Id.* at 9-10.  The FAC alleges the loan was less
20   favorable to Plaintiff than Defendants had stated it would be. *Id.* The FAC alleges Defendants
21   violated state and federal law by failing to disclose and misrepresenting terms of the loan and
22   by failing to inform defendant of his right to cancel the transaction. *Id.* The FAC alleges
23   Aurora purchased the loan from Equity. *Id.*  The FAC alleges that these actions "breached
24   [Defendants'] fiduciary obligations owed to Plaintiff,  . . . breached their contract with
25   Plaintiff, were professionally negligent, and caused Plaintiff damages." *Id.* at 11.  The FAC
26   alleges these damages include "monetary loss, medical expenses, emotional distress, [and] loss
27   of employment."

28   The FAC alleges Aurora "enticed [Plaintiff] to make payments on the loan in a

purported . . . loan modification based on promises that if he made payments, he would be able to obtain a more favorable loan." *Id.* at 12. The FAC alleges Plaintiff made additional payments based on this promise, but Aurora refused to modify the loan. *Id.* The FAC alleges Defendants' conduct was "despicable" and "subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights," justifying exemplary and punitive damages. *Id.* at 13.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion

to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

## ANALYSIS

### I. Pacific's Motion to Dismiss FAC

#### A. RESPA Violations

In support of the first cause of action for RESPA violations, Plaintiff alleges Pacific failed to "adequately respond to Plaintiff's request for information" which was sent to Aurora "via certified mail and by facsimile" on December 23, 2008. (Doc. # 21 at 13-14).

Pacific contends Plaintiff's RESPA claim fails to state a claim because Plaintiff does not allege that he ever sent a qualified written request to Pacific and because RESPA's qualified written request procedure does not apply to Pacific because Pacific is a mortgage broker, not a "loan servicer" of Plaintiff's mortgage as required by statute. (Doc. # 25-1 at 4-5). Further, Pacific contends Plaintiff has not alleged that the alleged failure to respond to the qualified written request resulted in any damages. *Id.* at 6. Pacific contends the allegation that Plaintiff suffered medical expenses, emotional distress, loss of employment, and mental and physical pain bear no relationship to the alleged violation of RESPA and could not be the basis of recovery. *Id.*

Plaintiff contends that the FAC itself qualifies as a qualified written request because it "is a written correspondence which is not a notice on a payment coupon, and does identify the name of the Plaintiff, the property address, the LOAN number, and requests information with sufficient detail for the information sought." (Doc. # 31 at 7).

12 U.S.C. section 2605(e) provides:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). A qualified written request must enable the servicer to identify the name and account of the borrower, and include a statement of the reasons for the belief of the

borrower that the account is in error.  12 U.S.C. § 2605(e)(1)(B).

The FAC does not allege that Plaintiff sent Pacific a qualified written request prior to the filing of the FAC.  Even if the FAC does constitute a qualified written request within the meaning of RESPA, Plaintiff cannot plausibly allege that Pacific failed to timely respond to Plaintiff's qualified written request in the same document that contains Plaintiff's qualified written request.  The Court concludes that the Complaint fails to allege sufficient facts to support a claim against Pacific for violation of RESPA.

## B.    TILA Violations

In support of the second cause of action for TILA violations, Plaintiff alleges all defendants violated 15 U.S.C. § 1635(a) by failing to correctly identify the transaction, failing to properly disclose Plaintiff's right to rescind the transaction within three days of the delivery of the disclosures, and failing to explain how to rescind the transaction.  (Doc. # 21 at 14-15). Plaintiff alleges the disclosures that Pacific provided were inconsistent, that fraudulent representations were made about the terms of the loan, and that Plaintiff did not give informed consent to his mortgage.  *Id.* at 15.  Plaintiff contends he is entitled to equitable tolling because he was unaware of the alleged fraud.  *Id.*

Pacific contends Plaintiff's TILA claim fails to state a claim because TILA does not apply to mortgage brokers.  (Doc. # 25 at 3-4).  Pacific contends Plaintiff fails to identify any required disclosures which were not provided.  *Id.* at 4.  Pacific further contends that the claim is time-barred because TILA contains a one-year statute of limitations for damages and a three-year statute of limitations for recission.  *Id.*  Pacific contends equitable tolling does not apply to TILA rescission claims.  *Id.*

Plaintiff contends that he stated a claim for TILA violations because he alleged "he relied on the representations of Defendants" but that the loan he received was "at a higher interest rate than was represented; the payments were higher than . . . represented . . . and the loan subsequently became unaffordable." (Doc. # 31 at 10-11).  Plaintiff contends the one year statute of limitations may be tolled where "borrowers did not have a reasonable opportunity to discovery the TILA violations."  *Id.*

Damages claims under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period starts at the consummation of the transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir. 1986). "The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the [TILA] and adjust the limitations period accordingly." *Id.* Generally, a litigant seeking equitable tolling of a limitations period bears the burden of establishing entitlement to equitable tolling. *Pace v. DiGuglielmo,* 544 U.S. 408 (2005). Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). "Equitable tolling does not apply to rescission under this provision of TILA, because '§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period,' even if the lender has never made the required disclosures." *Taylor v. Money Store,* 42 Fed. Appx. 932 (9th Cir. 2002) (quoting *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998)).

The Complaint alleges that Plaintiff obtained the Loan on or about June 17, 2005. (Doc. # 21 at 9). Plaintiff did not file this lawsuit until January 15, 2009, more than three years after the transaction was consummated. Plaintiff has failed to satisfy his burden of establishing entitlement to equitable tolling. The Complaint does not provide any facts to justify why Plaintiff filed this lawsuit more than three years after the transaction was consummated. The Complaint does not allege facts to support that Pacific fraudulently concealed material information or otherwise engaged in conduct that would warrant equitable tolling. The Complaint alleges that Plaintiff found the terms of the Loan confusing and misleading at the time of consummation, yet he waited more than three years to voice his complaints. *See, e.g., id.* at 11 (the "Loan and related contracts contain conflicting terms that are not reasonably amendable to understanding by a consumer"). Plaintiff alleges he was misled about the interest rate and that his payments were therefore higher than he was led to believe, which he would have discovered the *first* time he made a payment on the loan. *See id.* at 14-15, Doc. # 31 at 10-11. The Court concludes that the second cause of action for damages and rescission

1   for TILA violations as alleged is time-barred.

2       **C.   FDCPA Violations**

3       In support of the third cause of action for FDCPA violations, Plaintiff alleges Pacific

4   violated the FDCPA by "obtaining payments from Plaintiff based on promises of reasonable

5   and beneficial loan modification, without actually providing such modifications."

6       Pacific contends that the FDCPA only applies to "debt collectors," that Plaintiff does

7   not allege Pacific is a debt collector, and that Plaintiff cannot make that allegation because

8   Pacific, a mortgage broker, is not a debt collector under the FDCPA.  (Doc. # 33 at 5-6).

9   Pacific contends it was not involved in the subsequent loan modification, did not collect on the

10  loans, and that claims about the origin of the loan are not FDCPA claims because they are not

11  claims about *collection* practices.  *Id.*

12      Plaintiff contends he has stated a claim because the California Civil Code renders the

13  loan contract unenforceable because Pacific committed fraud by inducing him to enter into the

14  loan contract.  (Doc. # 31 at 7).

15      "The [FDCPA] prohibits debt collectors from making false or misleading

16  representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,*

17  514 U.S. 291, 292 (1995).  To be liable for a violation of the FDCPA, the defendant must, as

18  a threshold requirement, be a "debt collector" within the meaning of the Acts.  *Heintz v.*

19  *Jenkins,* 514 U.S. 291, 294 (1995).  A mortgage broker is not a debt collector within the

20  meaning of the FDCPA.  *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985); *see*

21  *also Maguire v. Citicorp. Retail Svcs.,* 147 F.3d 232, 236 (2d Cir. 1998) (generally, the

22  FDCPA does not apply to creditors).

23      The FAC does not allege that Pacific is a "debt collector" within the meaning of

24  FDCPA.  The Court concludes that Plaintiff has failed to state a claim against Pacific for

25  FDCPA violations.

26      **D.   Rosenthal Act Violations**

27      In support of the fourth cause of action for Rosenthal Act violations, Plaintiff alleges

28  Aurora is a loan servicer within the meaning of the Rosenthal Act, that Aurora "falsely enticed

Plaintiff" into making payments by promising to modify the loan, and then sold the property in a foreclosure sale despite the promises. (Doc. # 21 at 16-17).

Pacific contends the Rosenthal Act claim contains no allegations against Pacific, only allegations against Aurora.  (Doc. # 25-1 at 9).  Furthermore, Pacific contends it is not a "debt collector under the meaning of the term in the Rosenthal Act. *Id.*

Plaintiff contends the term "debt collector" has a broader meaning under the Rosenthal Act than the under the FDCPA and that it has therefore stated a claim against Pacific.  (Doc. # 31 at 14-15.)

The Rosenthal Act claim does not make any allegations against Pacific.  The Court concludes Plaintiff has failed to state a claim against Pacific for Rosenthal Act violations.

### E.       Negligent Misrepresentation

In support of the fifth cause of action for Negligent Misrepresentation, Plaintiff alleges Pacific "represented to Plaintiff that very favorable loans, loan terms, and interest rates were available to him" and that as a result of this misrepresentation Plaintiff was induced to accept the loan terms.  (Doc. # 21 at 18).

Pacific contends that any alleged misrepresentation was made prior to the funding of the loan, and the claim is therefore barred by the two-year statute of limitations. (Doc. # 25 at 8).  Pacific contends Plaintiff cannot rely on tolling of this statute because he has failed to state sufficient facts to show that he is entitled to tolling. (Doc. # 33 at 7).  Plaintiff contends he has stated all of the elements of negligent misrepresentation and that the cause of action does not accrue until the discovery of the misrepresentation.  (Doc.  # 31 at 14-16).

Under California law, the rule that certain claims do not accrue until discovery only applies if the Plaintiff meets a heightened pleading standard.  "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.  The burden is on the plaintiff to show diligence, and conclusory allegations will not withstand" a motion to dismiss.  *E-Fab, Inc. v. Accountants, Inc. Serv.*, 153 Cal. App. 4th 1308, 1309 (2007).

1    Plaintiff does not state when he discovered the alleged misrepresentations, how he
2    discovered them, or that he could not have made the discovery earlier despite reasonable
3    diligence.  The Court concludes Plaintiff's claim is time-barred.

4    **F.     Fraud**

5          In support of the sixth cause of action for Fraud, Plaintiff alleges Pacific misrepresented
6    the terms of the loan, which induced Plaintiff to take out the loan.  (Doc. # 21 at 20).  Plaintiff
7    alleges Pacific knew that the actual terms of the loan were not as stated and that Pacific
8    intended that Plaintiff rely on Pacific's misstatements. *Id.*

9          Pacific contends the statute of limitations for fraud is three years under California law
10   and that Plaintiff's claim for fraud is therefore time barred.  (Doc. # 25-1).  Pacific further
11   contends Plaintiff has failed to allege fraud with sufficient specificity under Federal Rule of
12   Civil Procedure Rule 9(b).  (Doc. # 33 at 8).

13         Plaintiff contends he has pleaded fraud with sufficient specificity because he stated the
14   fraud occurred in California before the loan was initiated and that "Defendants misrepresented
15   facts to Plaintiff and that other Defendants aided or abetted or acted in concert in promulgating
16   their false representations to Plaintiff." (Doc. # 31 at 19-20).

17         To state a claim for fraud, the plaintiff must allege "a representation, usually of fact,
18   which is false, knowledge of its falsity, intent to defraud, justifiable reliance on the
19   misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey,*
20   220 Cal. App. 3d 59, 72-23 (1990).  Pursuant to Rule 9(b) of the Federal Rules of Civil
21   Procedure, "in alleging fraud or mistake, a party must state with particularity the circumstances
22   constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) requires that the pleader state
23   the time, place and specific content of the false representations as well as the identities of the
24   parties to the misrepresentation.  *Id.*; *Sebastian International, Inc. v. Russolillo*, 128 F. Supp.
25   2d 630, 634-35 (C.D. Cal. 2001).  Rule 9(b) does not allow a complaint to merely lump
26   multiple defendants together but "require[s] plaintiffs to differentiate their allegations when
27   suing more than one defendant . . . and inform each defendant separately of the allegations
28   surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-

65 (9th Cir. 2007).  "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'"  *Id*. (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

The Complaint alleges that "Defendants" made misrepresentations of material fact, or that "Pacific, Equity, [Aurora] variously misinformed Plaintiff."  (Doc. # 21 at 20).  The Complaint does not allege with specificity which Defendant made which misrepresentation, the specific contents of each alleged misrepresentation, or the precise location and time of the misrepresentations.  Instead, the Complaint lumps multiple Defendants together, and vaguely refers to various misrepresentations about the loan made at some point before the initiation of the loan. *See id.*  The Court concludes that the Complaint fails to state a claim against Pacific for fraud.

**G.      Rescission**

In support of the seventh cause of action for Rescission, Plaintiff alleges Defendants cannot produce an original deed relating to the loan.  (Doc. # 21 at 23).  Plaintiff alleges when he agreed to the loan, "he was ignorant of Defendants' secret intentions not to perform, ignorant of Defendants' false representations" and is therefore entitled to rescission.  *Id.*

Pacific contends that as the mortgage broker, it was never the owner of the note, so it cannot be subject to an action for rescission.  (Doc. # 25 at 14).  Pacific further contends that although Plaintiff labels his claim a claim for rescission, he actually seeks *damages*, not rescission. *Id.*  Finally, Pacific contends that a lender's inability to produce a note is not grounds for rescission under California or federal law. *Id.*

Plaintiff contends that the contract was fraudulently induced, and is therefore rescindable under California law. (Doc. # 31 at 19).  Plaintiff contends that he has stated a claim for fraud, therefore, he has also stated a claim for rescission. *Id.*

Plaintiff failed to state a claim for fraud. Plaintiff conceded that his rescission claim is dependant on his fraud claim, therefore the Court concludes that Plaintiff's claim for rescission fails to state a claim for relief.

**H.      Quasi Contract**

In support of the eighth cause of action for quasi contract, Plaintiff alleges Pacific has "unjustly retained" money paid as "fees, costs, [and] commissions" acquired via "defective loan documents." (Doc. # 21 at 25). Plaintiff alleges Pacific was unjustly enriched at his expense. *Id.*

Pacific contends that Plaintiff has failed to identify what alleged mistaken payments he made with sufficient specificity to allow Pacific to defend against Plaintiff's allegations. (Doc. # 25-1 at 14).

Plaintiff has failed to allege sufficient facts to support his contention that retention of any payments was unjust, to identify the mistaken payments to Pacific, or to identify the defects in the loan documents. The Court concludes Plaintiff's allegations do not state a claim for relief under a quasi contract theory.

## I.     Determination of the Validity of the Lien

In support of the Ninth Cause of Action for determination of the validity of the lien, Plaintiff alleges "the defective documentation, false representations and/or fraud that induced Plaintiff to enter into the loan render the security interest invalid and unenforceable." (Doc. # 21 at 26). Plaintiff alleges that the "wrongful acts" of Defendants have forfeited Defendants' interest in the property. *Id.*

Pacific contends that this cause of action is simply a quiet title claim. (Doc. # 25-1 at 14). Pacific contends Plaintiff has not labeled his claim a quiet title claim to avoid the requirement that Plaintiff verify a quiet title claim. *Id.* Pacific further contends it does not claim an interest in the property, and cannot be subjected to a quiet title claim. *Id.* Finally, Pacific contends Plaintiff cannot seek to quiet title without paying the outstanding balance of his mortgage, which Plaintiff has not alleged he can or will do. *Id.*

Pacific has asserted that it has no interest in the property in question. Therefore, Plaintiff's claim for a determination of the validity of the lein against Pacific is dismissed.

## J.     Leave to Amend

If Plaintiff wishes to file an amended complaint, Plaintiff may file a motion for leave to file a second amended complaint which attaches a copy of the proposed second amended

1  complaint within 30 days of the date of this order.

2  **II.     Aurora's Motion to Dismiss and Motion to Strike**

3          Plaintiff failed to file an opposition to Aurora's Motion to Dismiss (Doc. # 26) or to

4  Aurora's Motion to Strike (Doc. # 27).  Pursuant to Civil Local Rule 7.1.f.3.c, "If an opposing

5  party fails to file" an opposition "in the manner required by Civil Local Rule 7.1.e.2, that

6  failure may constitute consent to the granting of a motion or other request for ruling by the

7  court."

8          The Court therefore grants Aurora's Motion to Dismiss (Doc. # 26) as unopposed and

9  denies Aurora's Motion to Strike (Doc. # 27) as moot.

10                                      **CONCLUSION**

11          IT IS HEREBY ORDERED THAT the Motion to Dismiss (Doc. # 25) filed by

12  Defendant Pacific  Mortgage Consultants is **GRANTED**.  IT IS FURTHER ORDERED

13  THAT the Motion to Dismiss (Doc. # 26) filed by Defendant Aurora Loan Services is

14  **GRANTED** and that the Motion to Strike (Doc. # 27) filed by Defendant Aurora Loan

15  Services is **DENIED AS MOOT**.  The above captioned action is **DISMISSED** as to

16  Defendants Pacific Mortgage Consultants and Aurora Loan Services.

17  DATED:  January 12, 2010

18                                       **WILLIAM Q. HAYES**
19                                       United States District Judge

20

- 12 -                                       09cv325 WQH (AJB)